IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GLYNNDA DAVIS, | Case No. 6:23-cv-00870-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| WALMART #5368 and WALMART INC., | |
| Defendants. | |

MCSHANE, Judge:

    Plaintiff Glynnda Davis brings this premises liability action against Defendants Walmart #5368 and Walmart Inc., seeking damages for the injuries she sustained after tripping in Defendants' parking lot. She now moves to amend her Complaint to adjust the allegations, alter the damages, and add a claim for negligence *per se*. Pl.'s Mot. 2–3, ECF No. 39. Defendants object only to the additional claim, arguing it is dilatory and prejudicial. Defs.' Resp. 1, ECF No. 40. For the reasons stated below, the Court grants Plaintiff's Motion.

## **LEGAL STANDARD**

    Once a responsive pleading has been served, a plaintiff may amend her complaint only by written consent of the adverse party or by leave of court, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this standard is applied with "extreme liberality" in favor of facilitating a decision on the merits, district courts have significant discretion when considering leave to amend. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). A court may deny a

1 – Opinion and Order

motion to amend if it was made in bad faith, if amendment would prejudice the opposing party or would cause undue delay, or if the proposed amendment is futile for lack of merit. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "The party opposing amendment bears the burden of showing prejudice." *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 967 (D. Or. 2018) (internal quotation marks and citation omitted).

## DISCUSSION

Here, Plaintiff seeks to add a second claim for negligence *per se*, incorporating findings from Plaintiff's engineering and code compliance expert that concluded the protruding steel from a leftover signpost in Defendants' parking lot was in violation of the Oregon Structural Specialty Code. Defendants oppose the addition of this claim, arguing that Plaintiff's request was made with undue delay and will prejudice Defendants. The Court disagrees.

Plaintiff's expert, David Karlin, produced his report on January 11, 2024. Although that was over a year and a half ago, the cutoff for expert discovery was April 17, 2025, *see* ECF No. 34, and Plaintiff disclosed Mr. Karlin as an expert on June 16, 2025. The next day, June 17, Plaintiff emailed Defendants explaining that Plaintiff intended to amend the complaint to add a negligence *per se* claim based on Mr. Karlin's report; Defendants did not respond. *See* Pl.'s Reply Ex. 1, ECF No. 42. No trial date has been set, and Plaintiff's request does not violate any current deadlines for amendment of pleadings. The Court therefore does not find the Motion untimely.

Defendants also contend that the timing of Plaintiff's Motion severely prejudices them, in part because mediation is scheduled for October 28, 2025. However, on this too the Court must disagree. It cannot come as a surprise to Defendants that code compliance would be at issue in this case. The safety of Defendants' parking lot has always been the subject matter of Plaintiff's

lawsuit. Her original complaint asserted a premises liability claim based on the allegation that "a piece(s) of metal that was protruding out of a raised section of cement where a traffic sign and post once stood" caused Plaintiff to trip in Defendants' parking lot and sustain injuries. Because Defendants have been on notice that the code compliance of their parking lot would be at issue, adding the proposed negligence *per se* claim will not unduly prejudice Defendants.

## CONCLUSION

As Plaintiff's proposed amended complaint is neither untimely nor unduly prejudicial, the Court GRANTS the Motion to Amend, ECF No. 39.

IT IS SO ORDERED.

DATED this 8th day of August 2025.

       /s/ Michael McShane
**Michael J. McShane
United States District Judge**